# United States District Court
### for
## Middle District of Tennessee
## Superseding Petition for Warrant or Summons for Offender Under Supervision
## (Supersedes Petition Filed as Docket Entry No. 60)

Name of Offender: Christopher Neal Jones          Case Number: 3:10-00203

Name of Judicial Officer: William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: March 4, 2011

Original Offense: 18 U.S.C. § 2113(a): Attempted Bank Robbery

Original Sentence: 32 months' imprisonment and 3 years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: April 15, 2013

Assistant U.S. Attorney: Scarlett Singleton          Defense Attorney: Michael Holley

## PETITIONING THE COURT

☐ To issue a Summons.

■ **To issue a Warrant and to Consider Additional Violation Information at the Future Revocation Hearing.**

**THE COURT ORDERS:**

☐ No Action

☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)

☐ The Issuance of a Summons.

☒ and to Consider Additional Violation Information at the Future Revocation Hearing.

Considered this 23 nd day of _July_, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Paul Montgomery
Sr. U.S. Probation Officer

Place    Nashville, TN

Date    July 22, 2013

Page One

The information provided in the previous petition, filed as Docket Entry No. <u>60</u>, has been amended as follows:

Violation No. 2 - has been amended to include additional drug use.

Violation No. 3 - has been amended to include a failure to report for a drug screen.

Violation No. 4 - has been added to include information about violation of home confinement.

Violation No. 5 - has been added to include information about the defendant's failure to attend treatment at The Guidance Center.

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

<u>1.</u>          **<u>The defendant shall report in person to the probation office within 72 hours of release from the custody of the Bureau of Prisons:</u>**

Mr. Jones was released from the custody of the Bureau of Prisons on April 15, 2013. He was scheduled to meet with the probation officer at his home on April 17, 2013. He was not at home and did not contact the probation officer in advance of missing this meeting. He called the probation officer later that date to report he had relapsed on drugs. He was instructed to report to the probation office on April 19, 2013. However he missed the appointment and did not contact the probation officer in advance of missing this second meeting. He finally reported in person to the probation officer on April 22, 2013.

<u>2.</u>          **<u>The defendant shall refrain from any unlawful use of a controlled substance:</u>**

Mr. Jones admitted that he used both cocaine and Valium since his release from incarceration on April 15, 2013. Hand-held drug tests reflected his use of these substances on April 22, and April 26, 2013. The laboratory result from the April 22, 2013, drug screen reflects it was negative. The drug screen from April 26, 2013, leaked during shipping and could not be tested at the laboratory. Mr. Jones also submitted positive drug screens for cocaine on May 6, May 20, and June 7, 2013.

On July 8, 2013, the defendant admitted to the probation officer that he used cocaine on Saturday, July 6, 2013. He stated he was supposed to be at work, but instead he met up with friends at The Crossings Apartments, located on Murfreesboro Road, and spent several hours using cocaine with them.

3.
**The defendant shall submit to drug testing at the request of the probation officer:**
Mr. Jones failed to report for a drug screen on April 25, 2013. He also failed to report for a drug screen on May 15, 2013. **The defendant failed to report for another drug screen on June 26, 2013.**

4.
**The defendant shall be placed on home confinement with electronic monitoring for three months:**

**An Order was issued by the Court on June 25, 2013, Ordering the defendant be placed on home confinement, with electronic monitoring. Mr. Jones was placed on electronic monitoring on July 8, 2013, and was provided a schedule for his daily activities. On July 19, 2013, the defendant failed to return to his residence as scheduled. As of this writing, his whereabouts are unknown.**

5.
**The defendant shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer:**

**The defendant received a substance abuse treatment assessment from The Guidance Center, Franklin, Tennessee, on May 16, 2013. The assessor recommended the defendant receive individual treatment twice a month. The defendant failed to attend treatment on June 24, 2013; July 8, 2013; and July 22, 2013.**

## Compliance with Supervision Conditions and Prior Interventions (Updated):

Mr. Jones was released to supervision on April 15, 2013. He resides with his mother and sister in Brentwood, Tennessee. Mr. Jones was assessed at the Guidance Center in Franklin, Tennessee, and is required to attend counseling sessions to address his substance abuse and mental health issues. As noted above, Mr. Jones failed to report within 72 hours of his release from custody on two occasions. He missed a drug screen and admits to using cocaine and Valium since his release from custody.

The officer has been in contact with Mr. Jones' mother and sister. They advised that Mr. Jones has been behaving erratically. He has taken his mother's car without permission overnight. He has stolen her cash and credit cards. No charges have been filed against Mr. Jones at this time. Mr. Jones lost his job at Swanky's Taco in Franklin on May 10, 2013, for missing work related to his substance abuse issues. He has since found employment at The Local Taco.

**In an Order issued on June 25, 2013, the Court found the defendant had violated his conditions as charged in the petitions filed on May 15, 2013, and June 21, 2013. The Court also found that Mr. Jones had waived his right to allocute. It was Ordered by the Court that the defendant's conditions of supervised release be modified to include three months of home detention, with electronic monitoring. As noted in Violation Number 4 of this Petition, it appears the defendant has violated this condition as his whereabouts are unknown.**

**U.S. Probation Officer Recommendation (updated):**

**The defendant was admonished by the probation officer and informed that it was imperative that he comply with the terms of his supervised release. At this time, it is believed the defendant has absconded from supervision and it is respectfully requested that a warrant be issued for Mr. Christopher Jones to appear before the Court to answer to the alleged violation behavior outlined above.**

**This matter has been submitted to Assistant U. S. Attorney Scarlett Singleton who concurs with the recommendation.**

Approved:

W. Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CHRISTOPHER NEAL JONES, CASE NO. 3: 10-00203

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I
**ORIGINAL OFFENSE DATE**: **POST APRIL 30, 2003**    **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | **2 years (Class C felony)** *18 U.S.C. § 3583(e)(2)* | **3 - 9 months** U.S.S.G. § 7B1.4(a) | **No recommendation** |
| **SUPERVISED RELEASE:** | **Not more than 3 years** *18 U.S.C. § 3583(h)* | **1 - 3 years less any term of imprisonment** U.S.S.G. § 5D1.2(a)(2) | **No recommendation** |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g), the court shall revoke the term of supervised release if the defendant possessed a controlled substance or if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). If supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. U.S.S.G. § 7B1.3(g)(2).

Respectfully Submitted,

Paul Montgomery
Sr. U.S. Probation Officer

Approved:

W. Burton Putman
Supervisory U.S. Probation Officer