PROB 12C
(Rev.2011)

# United States District Court
### for
### Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Christopher Neal Jones</u>     Case Number: <u>3:10-00203</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>March 4, 2011; revoked November 8, 2013</u>

Original Offense: <u>18 U.S.C. § 2113(a), Attempted Bank Robbery</u>

Original Sentence: <u>32 months' custody and 3 years' supervised release; revoked 6 months' custody and 6 months' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>April 4, 2014</u>

Assistant U.S. Attorney: <u>Scarlett Singleton Nokes</u>     Defense Attorney: <u>Michael Holley</u>

---

### PETITIONING THE COURT

___  To issue a Summons.
_X_  To issue a Warrant.

---

**THE COURT ORDERS:**

☐ No Action
☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _29th_ day of _April_, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place      Nashville, TN

Date      April 28, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

   On April 18, 2014, the probation officer was contacted by the family of Mr. Jones to report that he had not been home for two days, and his whereabouts were unknown. The probation officer contacted the family of Mr. Jones on April 25, 2014, to make further inquiry regarding Mr. Jones. The probation officer was informed that Mr. Jones texted his mother on one occasion stating that he was getting a hotel room, but he gave no indication of his location. Mr. Jones has failed to return calls and text messages from the probation officer.

2. **The defendant shall submit to drug testing at the request of the probation officer.**

   On April 24, 2014, Mr. Jones failed to report for drug testing. A drug test was last taken on April 15, 2014, and the results were negative for illegal drugs.

### Compliance with Supervision Conditions and Prior Interventions:

Mr. Jones began supervised release following his revocation on April 4, 2014. He is scheduled to terminate supervision on October 3, 2014.

On April 10, 2014, Mr. Jones met with the probation officer and informed that he wanted to reside at the Foundation House in Dickson, Tennessee, for halfway house placement. He provided contact and program information to the probation officer at that time. On April 15, 2014, Mr. Jones notified the probation officer that he had met with staff from the facility, and he was scheduled for admission on April 28, 2014. On April 28, 2014, the probation officer had contact with the director of Foundation House and he is also unaware of the whereabouts of Mr. Jones. His last contact with Mr. Jones was approximately two weeks ago.

### Update of Offender Characteristics:

Mr. Jones currently has no known employment.

### U.S. Probation Officer Recommendation:

It is respectfully recommended that a warrant be issued for Mr. Jones so that he may appear before the Court to answer to the violation behavior outlined above. His whereabouts are unknown, and he is considered to be an absconder.

This matter has been discussed with the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CHRISTOPHER NEAL JONES, CASE NO. 3:10-00203

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003 PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) <br> *18 U.S.C. § 3583(e)(3)* | 3-9 months <br> *U.S.S.G. § 7B1.4(a)* | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment <br> *18 U.S.C. § 3583(h)* | 1-3 years <br> *U.S.S.G. § 5D1.2(a)(2)* | No Recommendation |

**Statutory Provisions:** U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved:

Vidette Putman
Supervisory U.S. Probation Officer